STATE OF NEBRASKA, APPELLEE, V.
JOHN GIBBS, ALSO KNOWN AS JOHN MILLER, APPELLANT.

570 N.W. 2d 326

Filed October 24, 1997.    No. S-96-1059.

Jeffery A. Pickens, of Nebraska Commission on Public Advocacy, and Samuel J. Bethune, Platte County Public Defender, for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CAPORALE, J.

# I. STATEMENT OF CASE

Claiming that his right to a speedy trial under the provisions of Neb. Rev. Stat. § 29-1207 (Reissue 1995) were violated, the defendant-appellant, John Gibbs, also known as John Miller, urges that the district court erred in overruling his motion for an absolute discharge pursuant to the provisions of Neb. Rev. Stat. § 29-1208 (Reissue 1995). In accordance with our authority to regulate this court's docket and that of the Nebraska Court of Appeals, we, on our own motion, removed the matter to this court and now affirm the judgment of the district court.

# II. FACTS

In district court case No. 3217 (original case), Gibbs-Miller pled guilty on January 18, 1985, to one count of murder in the second degree, one count of use of a firearm to commit a felony, and two counts of assault by a confined person. In a journal entry filed therein on February 29, 1996, the district court, due to a fatally defective information, granted Gibbs-Miller's motion for postconviction relief; nullified his plea agreement with the plaintiff-appellee, State of Nebraska; vacated his convictions; and set aside his sentences.

On April 12, 1996, the State filed a new information against Gibbs-Miller in district court case No. 4164 (newly docketed case), charging him with murder in the first degree and use of a firearm to commit a felony. On April 25, the district court set the trial for August 20. Both Gibbs-Miller and the State proceeded under the newly docketed case, and nothing occurred in the original case until September 11, when Gibbs-Miller filed therein the subject motion for absolute discharge. However, in the newly docketed case, in addition to numerous other pretrial motions, Gibbs-Miller filed two motions for continuance of the originally scheduled trial date, the last of which was filed on August 12. That motion was sustained on August 23, at which time the district court rescheduled the trial for October 15.

On September 30, 1996, the district court heard various motions, including the motion for absolute discharge, at which time Gibbs-Miller asked the district court to take judicial notice of its own file in the original case. The district court thereafter

overruled the motion for absolute discharge and combined the original and newly docketed cases into a single case under the original case number.

## III. ANALYSIS

So far as is relevant, § 29-1207 provides:

(1) Every person indicted or informed against for any offense shall be brought to trial within six months . . . .

(2) Such six-month period shall commence to run from the date the indictment is returned or the information filed. . . .

(3) If such defendant is to be tried again following . . . an appeal or collateral attack, such period shall commence to run from the date of the . . . order granting a new trial . . . .

(4) The following periods shall be excluded in computing the time for trial:

. . . .

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel.

Section 29-1208 provides that "[i]f a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged and for any other offense required by law to be joined with that offense."

Gibbs-Miller urges that as all of the excludable periods arose in the newly docketed case, he is entitled to an absolute discharge on the offenses charged in the original case, along with any other offense required by law to be joined therewith.

### 1. JURISDICTION

Prior to addressing Gibbs-Miller's assigned error, we must determine whether the district court entered a final, appealable order, for before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. See *State v. Hall*, 252 Neb. 885, 566 N.W.2d 121 (1997).

(a) Scope of Review

The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires the appellate court to reach its conclusion independent from the trial court; however, when the determination rests on factual findings, the trial court's decision on the issue will be upheld unless the factual findings concerning jurisdiction are clearly incorrect. See *Crystal Clear Optical v. Silver*, 247 Neb. 981, 531 N.W.2d 535 (1995). Here, the question is one of law.

(b) Application of Law to Facts

The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. Neb. Rev. Stat. § 25-1902 (Reissue 1995); *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997); *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997); *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991).

Whether a ruling on a motion for discharge based on an alleged violation of an accused's speedy trial rights constitutes a final, appealable order is an issue recently presented but not decided in *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). Therein, such a motion filed by the defendant was overruled by the trial court on May 11, 1995. Trial began on November 13, and a jury found the defendant guilty on November 16, resulting in the defendant's appeal. The State argued that the trial court's May 11 denial of the defendant's motion to dismiss was a final order from which he had not timely appealed and that, thus, we lacked jurisdiction to consider the defendant's speedy trial argument. Because the defendant's other assigned errors were properly before us, we assumed without deciding that we had jurisdiction to consider the speedy trial issue, noting that in *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), we considered the defendant's

speedy trial argument even though he filed his notice of appeal more than 30 days after the trial court overruled his motion for discharge.

Controlling guidance, however, is found in *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990). One of the questions presented therein was whether the ruling on a plea in bar raising a nonfrivolous double jeopardy claim was a final, appealable order. Concluding that such a ruling arose in a special proceeding (which includes every special statutory remedy which is not in itself an action) and that the ruling affected a substantial right, we answered in the affirmative. In determining that the ruling affected a substantial right, we noted the observation of the U.S. Supreme Court in *Abney v. United States*, 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977), that the rights conferred on an accused criminal by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence.

Similarly, the rights conferred on an accused criminal by §§ 29-1207 and 29-1208 would be significantly undermined if appellate review of nonfrivolous speedy trial claims were postponed until after conviction and sentence. Inasmuch as § 29-1207 confers a right to a speedy trial and § 29-1208 authorizes a special application to a court to enforce it, a ruling on a motion for absolute discharge based upon an accused criminal's nonfrivolous claim that his or her speedy trial rights were violated is a ruling affecting a substantial right made during a special proceeding and is therefore final and appealable.

### (c) Conclusion

Consequently, we have jurisdiction over this appeal.

### 2. OVERRULING OF DISCHARGE MOTION

### (a) Scope of Review

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *Turner, supra.*

## (b) Application of Law to Facts

Under the provisions of § 29-1207(3), the State was required, absent any excludable periods, to try Gibbs-Miller within 6 calendar months, see *State v. Brown*, 214 Neb. 665, 335 N.W.2d 542 (1983), of February 29, 1996, the date on which the district court vacated the prior convictions. That 6-month period is computed by moving forward 6 months, backing up 1 day, and then adding any excludable periods. *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991). Thus, the trial was originally required to commence no later than August 29. The originally scheduled trial date, August 20, was within that period.

The motion Gibbs-Miller filed on August 12, 1996, asked that the scheduled trial be continued in order "to allow him adequate time in which to prepare for" same. Attached thereto was an affidavit wherein one of his attorneys expressed the belief that "a continuance of at least one month" would be adequate. Therefore, even if we ignore the suppression and other pretrial motions filed by Gibbs-Miller, it is clear that under § 29-1207(4)(b) the period from August 12 to October 15, 1996, the rescheduled trial date, is excludable as a period of delay resulting from a continuance granted at Gibbs-Miller's request. See *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997) (period from date of filing motion for continuance until time of trial excludable from statutory speedy trial calculation).

Nonetheless, Gibbs-Miller urges that the excludable period can only be applied to the newly docketed case, the case in which he filed his motion for continuance, not to the original case. However, in so contending, Gibbs-Miller mistakenly focuses on case numbers rather than on the substance of the proceeding. The prosecutor in *Sumstine, supra*, dismissed the original information and subsequently filed another information alleging the same conduct as was charged in the dismissed information. We held that the periods during which the informations were pending were to be combined in determining the last day for commencement of trial. It follows as a corollary of the tacking doctrine adopted in *Sumstine* that for the purpose of determining whether an accused's speedy trial rights under § 29-1207 have been violated, successive informations charging the same offenses are not to be considered separately.

Thus, while the filing of an information starts the clock in a new case, § 29-1207(2), where a retrial is ordered, it is the trial for the specific criminal offenses originally charged and other offenses required by law to be joined therewith that must begin within 6 months of the retrial order, § 29-1207(3), not a trial on a specific information. See, also, *Roby v. State*, 61 Neb. 218, 85 N.W. 61 (1901) (pendency of former information for same offense in same court furnishes no sufficient ground for plea in abatement).

It therefore matters not that the State elected to initiate the ordered new trial by filing a fresh information in a newly docketed case rather than in the original case. It also follows from that doctrine that the district court did not err in combining the original and newly docketed cases into a single case.

### (c) Conclusion

As a consequence, the district court's implicit finding that the State sustained its burden of proving by a preponderance of the evidence the existence of an excludable period of time, see *Turner, supra*, cannot be said to be clearly wrong.

### V. JUDGMENT

As first noted in part I, the judgment of the district court is affirmed.

AFFIRMED.