STATE OF NEBRASKA, APPELLANT,
V. ROBERT C. BLACKSON, APPELLEE.
588 N.W. 2d 827

Filed February 5, 1999.    No. S-98-275.

Leigh Ann Retelsdorf, Deputy Douglas County Attorney, for appellant.

Patrick T. Riskowski, of Gallup & Schaefer, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The State of Nebraska appeals from an order of the Douglas County District Court which sustained Robert C. Blackson's

motion to dismiss for failure to bring him to trial within 6 months of the date of an order granting Blackson a new trial.

## SCOPE OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997).

On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Jackson*, 255 Neb. 68, 582 N.W.2d 317 (1998).

## FACTS

On January 6, 1993, Blackson was charged with murder in the second degree (count I), two counts of use of a firearm to commit a felony (counts II and IV), and assault in the first degree (count III). Following trial, a jury rendered verdicts of guilty on all four counts, and Blackson was sentenced to life imprisonment on count I, 10 years' imprisonment on count II, 6 to 10 years' imprisonment on count III, and 10 years' imprisonment on count IV, each sentence to be served consecutively. This court affirmed the convictions in *State v. Blackson*, 245 Neb. 833, 515 N.W.2d 773 (1994), which order was overruled by *State v. White*, 249 Neb. 381, 543 N.W.2d 725 (1996), and *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

Subsequently, Blackson sought postconviction relief, and on October 21, 1996, relying on our decision in *White*, the postconviction court granted Blackson's request for a new trial with regard to the second degree murder conviction and one of the convictions for use of a firearm to commit a felony. The convictions and sentences on the first degree assault charge and the other charge of use of a firearm to commit a felony were affirmed. The State did not appeal the order granting Blackson a new trial, and the State has not filed a new information charging Blackson with second degree murder and the related use of a firearm to commit a felony.

On September 30, 1997, Blackson moved to dismiss the second degree murder and use of a firearm to commit a felony

charges pursuant to his right to a speedy trial under article I, § 11, of the Nebraska Constitution and Neb. Rev. Stat. §§ 29-1205 and 29-1208 (Reissue 1995). At the hearing, the State explained that the prosecutor in charge of the case had taken personal leave and that the State was waiting until the prosecutor returned to file a new information.

Relying on Neb. Rev. Stat. § 29-1207(3) (Reissue 1995), on February 25, 1998, the district court entered an order dismissing counts I and II. The State appeals.

### ASSIGNMENT OF ERROR
The State asserts that the district court erred in granting Blackson's motion to dismiss counts I and II.

### ANALYSIS
An accused's right to a speedy trial as guaranteed by the Sixth Amendment to the U.S. Constitution and the statutory implementation of that right under § 29-1207 exist independently of each other. *State v. Kula*, 254 Neb. 962, 579 N.W.2d 541 (1998). Blackson was discharged pursuant to § 29-1208, which provides: "If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged and for any other offense required by law to be joined with that offense." The primary burden of bringing an accused person to trial within the time provided by law is upon the State, and the failure to do so entitles the defendant to an absolute discharge. *State v. Richter*, 240 Neb. 223, 481 N.W.2d 200 (1992).

Section 29-1207 provides that every person indicted or informed against for any offense shall be brought to trial within 6 months as computed therein. "If such defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, such period shall commence to run from the date of the mistrial, order granting a new trial, or the mandate on remand." § 29-1207(3).

It is undisputed that the State failed to commence a new trial against Blackson within 6 months from the October 21, 1996, order granting a new trial and that there were no excludable periods applicable to this case. The State did not appeal from

the order granting a new trial, and the State did not file a new or amended information after the order was entered.

It is the State's position that the original information against Blackson was fatally defective and was therefore insufficient to charge Blackson with a crime. The State contends that absent a valid information, Blackson has not been charged, and that therefore the 6 months for computing the time in which Blackson must be tried has not commenced. The State asserts that since there is no statute of limitations requiring it to bring criminal charges for murder against a defendant within any time period, the State is free to file a new information against Blackson whenever it chooses. In the alternative, the State argues that absent a valid information, the postconviction court lacked jurisdiction to issue the order for new trial, and that the district court lacked jurisdiction to issue the order of discharge.

The information originally filed against Blackson did not allege that he acted with malice in committing the crime of second degree murder. In contending that the original information against Blackson was fatally defective, the State relies upon a line of cases that this court has since overturned which held that malice was an essential element of the crime of second degree murder. See, e.g., *State v. Ryan*, 249 Neb. 218, 543 N.W.2d 128 (1996); *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994); *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994).

We first address the State's position that both the postconviction court and the district court lacked jurisdiction. The State's argument is that the information was fatally defective and, therefore, that Blackson was never charged with a crime in Douglas County. Extending this argument, the State asserts that the postconviction court lacked jurisdiction to enter the order for a new trial and that the district court, which ordered the discharge, also lacked jurisdiction. As a result, the State claims it can file an amended information charging second degree murder at any time, because the 6-month statutory speedy trial period never began to run.

The fact that an information is fatally defective does not deny the trial court jurisdiction to issue any order relating to those purported charges. On the contrary, in *Smith v. State*, 169 Neb. 199, 99 N.W.2d 8 (1959), we indicated that an attack on an

indictment for the reason that it failed to sufficiently charge a crime is not the same as a jurisdictional attack.

The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusion independent from a trial court. *State v. Dvorak*, 254 Neb. 87, 574 N.W.2d 492 (1998). We conclude that the State's argument that the postconviction court and the district court lacked jurisdiction is without merit.

We next address whether the district court correctly determined that Blackson was entitled to an absolute discharge of the charges of second degree murder and the related use of a firearm to commit a felony. The State argues that the statutory right to a speedy trial becomes an issue when a person is indicted or informed against and that because the information was fatally defective, Blackson never was indicted or informed against. The State thus asserts that the statutory 6-month period has never run. This argument also lacks merit.

The State acknowledges that a new trial was granted by the postconviction court's order of October 21, 1996. Section 29-1207(3) explicitly provides that "[i]f such defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, such period shall commence to run from the date of the mistrial, order granting a new trial, or the mandate on remand." There was no appeal from the order granting postconviction relief, and thus, under § 29-1207(3), the time for bringing Blackson to trial commenced to run from the date of the postconviction order granting a new trial.

In *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997), we addressed a situation similar to that in the case at bar. The postconviction court had previously granted Gibbs relief because it determined that the original information was fatally defective for failing to allege malice as an element of second degree murder. The court vacated Gibbs' plea of guilty to the defective information on February 29, 1996. The State filed a new information on April 12, and trial was set for August 20. The trial was delayed due to numerous pretrial motions, including two motions for continuance filed by Gibbs. On September 11, Gibbs filed a motion for absolute discharge, which the district court denied.

We affirmed on appeal, stating that under the provisions of § 29-1207(3), the State was required, absent any excludable periods, to try Gibbs within 6 calendar months from the date on which the postconviction court vacated the prior convictions and granted a new trial. We ultimately concluded that due to the excludable periods attributable to Gibbs' motions for continuance, Gibbs was tried within 6 months of the postconviction court's judgment vacating Gibbs' prior convictions, and that Gibbs' right to a speedy trial was not violated. See *State v. Gibbs, supra.*

*Gibbs* controls our decision in this case. Where a retrial is ordered, it is the trial for the specific criminal offenses originally charged and other offenses required by law to be joined therewith that must begin within 6 months of the retrial order. The 6-month period is computed by moving forward 6 months, backing up 1 day, and then adding any excludable periods. *State v. Gibbs, supra.* Thus, 6 months from the October 21, 1996, order granting a new trial would have been April 21, 1997, and backing up 1 day gives the date by which the new trial was required to commence as April 20. There were no periods excludable from the 6 months. Therefore, the State failed to bring Blackson to trial within the period required by § 29-1207, and we must affirm the order granting absolute discharge.

The judgment of the district court is affirmed.

AFFIRMED.