763 N.W.2d 380 (2009)
277 Neb. 476
STATE of Nebraska, Appellee,
v.
Kenneth R. WELLS, Appellant.
No. S-07-1138.
Supreme Court of Nebraska.
April 3, 2009.
*381 Beau G. Finley, Omaha, of Finley Law Offices, P.C., L.L.O., for appellant.
Jon Bruning, Attorney General, and James D. Smith, Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
This is an appeal from the denial of a motion to discharge based on the Nebraska speedy trial statutes.[1] The issue presented in this case is whether the district court committed clear error in concluding that the defendant, Kenneth R. Wells, agreed to a continuance at a pretrial conference. Finding no clear error, we affirm the order of the district court.

BACKGROUND
Wells was charged by information on April 21, 2006, with unlawful possession with intent to deliver a controlled substance. At a pretrial conference, Wells moved for a continuance, and the motion was sustained. A series of hearings and continuances followed; all of the continuances were requested by Wells, and it is not disputed that those periods were excludable time for speedy trial purposes.
*382 The period of time disputed in this appeal began on January 19, 2007, at another pretrial conference. Trial was set for January 31, but Wells' counsel explained that he would be unable to prepare for trial on that date because of another pending trial. Wells was given the choice of "joining" his counsel's motion for a continuance, proceeding to trial and representing himself, or having other counsel appointed. Wells replied, "Yeah, I'd like to stickno problem at all. If he would like me to get a continuance, that's what I'll do. You thinkif he tells me that's the best thing to do, I'm going to do it." Wells was given some time to think about it and confer with counsel, and he reaffirmed that continuing the proceedings to the next available trial date would "be fine."
After a short recess, the court informed Wells that the next available trial date was April 16, 2007. Wells affirmed that he understood that the time between the hearing and April 16 would not count for speedy trial purposes. Another pretrial conference was scheduled for February 23, and Wells expressed his understanding that the speedy trial "clock would not run on that one" either. At the February 23 hearing, speedy trial issues were discussed and the parties agreed that because of the continuances requested by Wells, the scheduled trial date was inside the remaining speedy trial period. Wells indicated to the court that he understood what had occurred.
A pretrial conference was held on the scheduled trial dateApril 16, 2007at which time Wells expressly waived his right to a speedy trial, in exchange for the State's dismissal of another charge. It appears from the record that the State wanted Wells to testify in another, unrelated, proceeding and would be willing to reach a plea agreement on the pending charge after Wells testified. It was later discovered that Wells' proposed testimony was untruthful. On September 20, Wells filed a motion to discharge on speedy trial grounds.
A hearing was held on the motion to discharge, at which hearing Wells testified that he was "under the impression" that the case had been set for trial on February 23, 2007. Wells claimed he had never been told that the case was set for trial on April 16.
The district court, after examining the bill of exceptions, found that Wells had expressly consented to several continuances, including the disputed January 19, 2007, continuance. Therefore, the court found that the speedy trial period had not elapsed before the April 16 hearing at which Wells waived his speedy trial rights. The district court denied the motion to discharge, and Wells appealed.

ASSIGNMENT OF ERROR
Wells assigns that the district court erred by overruling his motion to discharge. In his brief, Wells argues specifically that the court erred in finding that he requested a continuance on January 19, 2007.
In its brief, the State contends that we should overrule our decisions in State v. Gibbs[2] and State v. Jacques,[3] and hold that an order overruling a motion to discharge based on speedy trial grounds is not a final, appealable order.

STANDARD OF REVIEW
As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial *383 grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[4]

ANALYSIS
Nebraska's speedy trial statutes provide that "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section."[5] We note that § 29-1207 was recently amended to change the date upon which the speedy trial period commences to run for certain offenses,[6] but that change is not relevant here, and we cite to the current version of the statute for the sake of simplicity and convenience.
To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence.[7] One such excludable period is "[t]he period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel."[8] The delay caused by a continuance is not a complete waiver of the right to a speedy trial; rather, the delay caused by a continuance granted for the defendant is excluded from the 6-month period and counted against the defendant.[9] For purposes of this analysis, we assume, without deciding, that Wells' April 16, 2007, waiver of his speedy trial rights was of no effect.
Wells argues in this case that the district court clearly erred in finding that the period between January 19 and April 16, 2007, was excludable. But the record contradicts Wells' argument. The record, as set forth above, affirmatively establishes that Wells asked for a continuance on January 19, agreed to a trial date of April 16, and acknowledged that the period between those dates would not count for speedy trial purposes. Perhaps Wells misunderstoodbut the district court correctly advised him, and the record provides ample support for the court's factual findings that Wells requested a continuance on January 19 and that the period between January 19 and April 16 was excludable. Wells' sole assignment of error is without merit.
For the sake of completeness, we note the State's argument that we should overrule our decisions in Gibbs[10] and Jacques,[11] and hold that an order overruling a motion to discharge based on speedy trial grounds is not a final, appealable order. We recently rejected an identical argument in State v. Williams[12] and stand by our reasoning and conclusion in that opinion.
Specifically, as in Williams, we are not persuaded by the State's argument that interlocutory appeals of this kind are subject to unlimited abuse by the defendant. We noted in Williams that "the right to appeal is triggered by denial of a `nonfrivolous claim' of violation of the statutory *384 right to a speedy trial."[13] As should be apparent from our discussion above, the merits of Wells' claim were dubious. But neither the district court nor this court was asked to decide whether Wells' speedy trial claim, or his appeal, was frivolous. Moreover, if the State is concerned about delay, and questions the merits of an appeal, then this court's rulesparticularly § 2-107(B)(2)provide the State with an effective means of expediting appellate review.[14]

CONCLUSION
We again decline the State's invitation to overrule our decisions in Gibbs[15] and Jacques.[16] But the district court did not clearly err in overruling Wells' motion to discharge, and its order is affirmed.
AFFIRMED.
NOTES
[1] See Neb.Rev.Stat. § 29-1201 et seq. (Reissue 2008).
[2] State v. Gibbs, 253 Neb. 241, 570 N.W.2d 326 (1997).
[3] State v. Jacques, 253 Neb. 247, 570 N.W.2d 331 (1997).
[4] State v. Williams, 277 Neb. 133, 761 N.W.2d 514 (2009).
[5] § 29-1207(1).
[6] See 2008 Neb. Laws, L.B. 623.
[7] State v. Sommer, 273 Neb. 587, 731 N.W.2d 566 (2007).
[8] § 29-1207(4)(b).
[9] State v. Knudtson, 262 Neb. 917, 636 N.W.2d 379 (2001).
[10] Gibbs, supra note 2.
[11] Jacques, supra note 3.
[12] Williams, supra note 4.
[13] Id. at 140, 761 N.W.2d at 521-22, quoting Gibbs, supra note 2.
[14] See Neb. Ct. R.App. P. § 2-107(B).
[15] Gibbs, supra note 2.
[16] Jacques, supra note 3.