IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. MORTENSEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
RANDY L. MORTENSEN, APPELLANT.

Filed April 23, 2013.    No. A-12-454.

Appeal from the District Court for Butler County: MARY C. GILBRIDE, Judge. Affirmed.

Robert J. Bierbower for appellant.

Jon Bruning, Attorney General, and Stacy M. Foust for appellee.

SIEVERS, PIRTLE, and RIEDMANN, Judges.

SIEVERS, Judge.

Randy L. Mortensen appeals from the decision of the district court for Butler County denying Mortensen's motion to discharge on the basis of alleged speedy trial violations. We affirm.

FACTUAL BACKGROUND

This is the second time this case has been before us on the basis of alleged speedy trial violations. The State filed an information on October 27, 2009, charging Mortensen with the offense of assault while being incarcerated, in violation of Neb. Rev. Stat. § 28-932 (Reissue 2008), and asserting that he was a habitual criminal. On October 25, 2010, Mortensen filed a motion for absolute discharge on the basis of alleged speedy trial violations. See Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2008). We issued an opinion denying Mortensen's motion for discharge on September 27, 2011. See *State v. Mortensen*, 19 Neb. App. 220, 809 N.W.2d 793 (2011) (petition for further review denied on December 14, 2011) (*Mortensen I*).

In *Mortensen I*, we found that 112 days remained on the speedy trial clock. Mortensen attempted to appeal our decision to the Nebraska Supreme Court on October 25, 2011, but that court denied Mortensen's petition for further review on December 14. Accordingly, our mandate

- 1 -

was issued to the district court on January 11, 2012. The district court entered judgment on the mandate on January 17. At a status hearing on February 14, the district court set trial for April 11. On April 10, Mortensen filed a second motion to discharge based on violation of the speedy trial statutes.

A hearing on Mortensen's motion for discharge was held on April 11, 2012--the date that had been set for trial. Mortensen argued that the speedy trial clock began running when the Nebraska Supreme Court denied his petition for further review on December 14, 2011, and that 117 days had elapsed since that time--in his brief on appeal he argues that 118 days had elapsed. Because *Mortensen I* determined that only 112 days remained on the speedy trial clock, Mortensen argued that his right to a speedy trial had been violated.

In its journal entry filed on May 14, 2012, the district court, citing Nebraska case law, said that "[t]he speedy trial clock under the speedy trial statute remains tolled until a motion to discharge is finally resolved, including during an appeal until action taken on the appellate court's mandate." (Emphasis omitted.) The district court found that 28 days remained to commence trial. Accordingly, the district court denied Mortensen's motion to discharge. Mortensen filed this timely appeal.

ASSIGNMENT OF ERROR

Mortensen assigns that the district court erred in denying his motion for discharge.

STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *Mortensen I, supra*. However, to the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below. *Id.*

ANALYSIS

The pertinent question in this appeal is: Following Mortensen's appeal in *Mortensen I*, when did the speedy trial clock resume running? As we specifically stated in *Mortensen I*, "the motion to discharge is a tolling motion and . . . the speedy trial clock remains tolled until the motion to discharge is finally resolved, including during the appeal until action is taken on our mandate." 19 Neb. App. at 225, 809 N.W.2d at 797. See, also, *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009) (where further proceedings are to be had following interlocutory appeal, for speedy trial purposes, period of time excludable due to appeal concludes when district court first reacquires jurisdiction over case by taking action on mandate of appellate court).

We look to the record to determine when the district court took action on our mandate. The relevant dates are as follows:
- 9/27/11: We issued our opinion in *Mortensen I* finding 112 days remained on the speedy trial clock.
- 10/25/11: Mortensen filed a petition for further review.
- 12/14/11: Supreme Court denied the petition for further review.
- 1/11/12: We issued our mandate.

• 1/17/12: District court entered judgment on our mandate.

• 2/14/12: District court set 4/11/12 trial date.

• 4/10/12: Mortensen filed second motion to discharge.

• 4/11/12: District court held a hearing on motion to discharge; trial set to begin.

• 5/14/12: District court denied motion to discharge, stating 28 days remain on speedy trial clock.

The district court took action on our mandate on January 17, 2012, and that is the date the speedy trial clock resumed running. Mortensen's argument that the speedy trial clock began running when the Nebraska Supreme Court denied his petition for further review on December 14, 2011, is clearly without merit and contrary to Nebraska law.

Having found that the speedy trial clock resumed running on January 17, 2012, and adding 112 days to that date, the last day that Mortensen could have been brought to trial was May 8, 2012. Because there were 28 days remaining on the speedy trial clock when Mortensen filed his motion for discharge on April 10, 2012, the district court did not err in overruling the motion.

In its brief, the State asks us to also exclude the days from January 17 to April 10, 2012, from the speedy trial clock because Mortensen's April 10 motion and subsequent appeal are frivolous. Comparing Mortensen to the crocodile with the ticking clock in Peter Pan, the State argues that Mortensen is actively trying to cause the State to run afoul to the speedy trial statutes. The State argues this is "good cause" under § 29-1207(4)(f) for us to exclude the time between the two motions to discharge from the speedy trial clock. Brief for appellee at 8. To obtain the affirmative relief sought, the State needed to file a cross-appeal, alleging that the district court should not have determined there remained only 28 days left to commence trial. See *Wasikowski v. Nebraska Quality Jobs Bd.*, 264 Neb. 403, 648 N.W.2d 756 (2002) (appellee may not raise arguments independent of or not responsive to appellant's assignments of error without cross-appealing because they will fall beyond scope of case as presented in appellant's brief). See, also, *Bacon v. DBI/SALA*, 284 Neb. 579, 822 N.W.2d 14 (2012) (cross-appeal must be properly designated under Neb. Ct. R. App. P. § 2-109(D)(4) (rev. 2008) if affirmative relief is to be obtained). Accordingly, we do not consider the State's argument that additional days should be excluded from the speedy trial clock.

That being said, we note that the State made a similar argument in *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009), which was rejected. However, the argument generated a concurrence by Justice Wright, in which Chief Justice Heavican and Justice Connolly joined. The concurrence observed:

Because of continuances granted at the accused's request or with his consent, trial has been postponed for years beyond the 6-month period. Following each continuance, the State must set another trial date to comply with the 6-month requirement. If the State does not try the accused within such period, the accused is entitled to an absolute discharge. See Neb. Rev. Stat. § 29-1208 (Reissue 2008). Similar to the crocodile that followed "Captain Hook," time keeps following the State, and the accused hopes the State will slip and fall victim to the 6-month trial clock.

The solution is not in overruling [*State v.*] *Jacques*[, 253 Neb. 247, 570 N.W.2d 331 (1997),] and [*State v.*] *Gibbs*[, 253 Neb. 241, 570 N.W.2d 326 (1997)], but in amending the speedy trial statutes. If an accused extends the trial date beyond the

required 6 months, then the accused should be deemed to have waived this 6-month trial requirement. The accused is still protected by the constitutional right to a speedy trial. The constitutional right and the statutory implementation of that right under § 29-1207 exist independently of each other. *State v. Vrtiska*, 225 Neb. 454, 406 N.W.2d 114 (1987).

In the case at bar, the accused has postponed his trial for years and still asserts he was denied his statutory right to a speedy trial. The information was filed December 8, 2003, and the accused has continued the trial from that date. One has only to read the opinion of this court to observe the mental gymnastics required to determine whether the State has slipped and fallen victim to the law.

[We] concur in the result, but point out that the law is flawed.

*State v. Williams*, 277 Neb. at 148-49, 761 N.W.2d at 527 (Wright, J., concurring; Heavican, C.J., and Connolly, J., join).

## CONCLUSION

For the reasons stated above, we affirm the judgment of the district court denying Mortensen's motion for discharge.

AFFIRMED.