Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/11/2018 09:10 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
GERARD BRIDGEFORD, APPELLANT.

STATE OF NEBRASKA, APPELLEE, V.
JUDITH BRIDGEFORD, APPELLANT.

___ N.W.2d ___

Filed February 16, 2018.    Nos. S-16-1032, S-16-1035.

SUPPLEMENTAL OPINION

Appeals from the District Court for Saunders County: MARY C. GILBRIDE, Judge. Former opinion modified. Motion for rehearing overruled.

Jennifer D. Joakim for appellant Gerard Bridgeford.

Mark A. Steele, of Steele Law Office, for appellant Judith Bridgeford.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

PER CURIAM.

Cases Nos. S-16-1032 and S-16-1035 are before this court on the appellee's consolidated motion for rehearing concerning our opinion in *State v. Bridgeford*.[1] We overrule the motion, but we modify the original opinion as follows:

---

[1] *State v. Bridgeford*, 298 Neb. 156, 903 N.W.2d 22 (2017).

(1) We withdraw syllabus point 7[2] and the second to the last sentence in the seventh paragraph under the subheading "Statutory Right"[3] and substitute the following wording in both instances:

> The excludable period attributable to an indefinite continuance of trial granted by the trial court upon the defendant's motion runs from the day of the motion until either the defendant's notice of a request for trial or the date set for trial by the court's own motion.[4]

(2) We withdraw the entirety of the 10th paragraph under the subheading "Statutory Right"[5] and substitute the following:

> Judith extended her December 3, 2014, speedy trial date when, on August 18, she filed a motion for an indefinite continuance of her trial. The period of delay attributable to Judith's motion did not end until the new trial date of June 25, 2015, since, despite intervening motions, that was the first trial date set after the August 18, 2014, motion. The new trial date of June 25, 2015, exceeded the 6-month period calculated at the time of her motion to continue, which expired on December 3, 2014.

(3) We withdraw the entirety of the 11th paragraph under the subheading "Statutory Right"[6] and substitute the following:

> Judith's indefinite continuance resulted in a trial date that exceeded the 6-month period as calculated with the

---

[2] *Id*. at 157, 903 N.W.2d at 24.

[3] *Id.* at 163, 903 N.W.2d at 27.

[4] See, Neb. Rev. Stat. § 29-1207(4)(a) and (b) (Reissue 2016); *State v. Wells*, 277 Neb. 476, 763 N.W.2d 380 (2009); *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009) (Wright, J., concurring; Heavican, C.J., and Connolly, J., join); *State v. Schmader*, 13 Neb. App. 321, 691 N.W.2d 559 (2005).

[5] *State v. Bridgeford, supra* note 1, 298 Neb. at 164, 903 N.W.2d at 28.

[6] *Id.*

excludable periods up to the date of the motion. Judith permanently waived her statutory speedy trial right by virtue of the August 18, 2014, motion to continue.

The remainder of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.

WRIGHT, J., not participating in the supplemental opinion.