IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DAVIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DAMION L. DAVIS, APPELLANT.

Filed July 3, 2018.    No. A-17-905.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

April O'Loughlin, Assistant Sarpy County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

MOORE, Chief Judge, and BISHOP and WELCH, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Damion L. Davis appeals the order of the district court for Sarpy County overruling his motion for absolute discharge which alleged violations of his statutory and constitutional rights to a speedy trial. Because we agree that Davis' statutory and constitutional rights to a speedy trial were not violated, we affirm.

### BACKGROUND

On August 24, 2016, the State filed an information in the district court, charging Davis with theft by unlawful taking, $1,500 or more, less than $5,000, a Class IV felony.

On September 23, 2016, Davis filed a motion for deposition. The court sustained Davis' motion on September 26, also setting a pretrial hearing for November 14 at that time.

Davis failed to appear at the November 14, 2016, pretrial hearing, and the district court ordered a capias warrant for his arrest to issue. Further hearing was held on November 21. Davis

- 1 -

appeared at that time, and the court cancelled the capias. Also on November 21, the court set the case for a jury trial on January 5, 2017.

On December 28, 2016, Davis filed a motion to continue trial. On January 4, 2017, the district court entered an order granting Davis' motion to continue and setting a jury trial for April 4.

At a hearing before the district court on March 20, 2017, Davis waived his right to a jury trial. The court accepted Davis' waiver and asked his attorney if there were any further matters Davis wished to address at the hearing. In response, Davis' attorney informed the court, "Judge, this is set for trial on April 3rd [sic]. Obviously I would prefer a different date. But I'm not sure what this court -- I did check with your bailiff prior to court today. I'm not sure if you have back up juries set. She wasn't certain." The court stated it "would be appropriate" to select a different date from "the nonjury calendar." The court stated further that if the selected date "doesn't work with counsel, we'll address it at that point in time." Davis' attorney thanked the court, and the hearing was adjourned. Subsequently, on March 23, the court entered an order canceling the jury trial date of April 4 and setting a bench trial for June 23. In the March 23 order, the court stated that "the time period between today's date and June 23, 2017, shall not be included in the Defendant's six month right to a speedy trial."

On June 22, 2017, Davis filed a motion to discharge, alleging a violation of both his constitutional and statutory rights to a speedy trial.

Following a hearing on June 23, 2017, the district court entered an order on August 21, denying Davis' motion for discharge. In the order, the court first addressed Davis' statutory speedy trial claim. The court calculated that since the information was filed on August 24, 2016, the last day to begin trial without any excludable periods would have been February 25, 2017. The court determined that the speedy trial clock was tolled for 3 days from September 23 to 26, 2016, for resolution of Davis' motion to take deposition; for 97 days between Davis' motion to continue on December 28, 2016, and the rescheduled trial date of April 4, 2017; for 95 days between March 23 when Davis requested a jury trial waiver and also asked the court for a "different, non-jury date" and the new nonjury trial date of June 23; and for 56 days between Davis' June 22 motion to discharge and the disposition of his motion to discharge, based on the date the court signed the order, which was August 18. Based on the court's calculations, the court concluded that there was still time remaining on the speedy trial clock. Specifically, the court calculated that 251 days must be added to the speedy trial under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016). Accordingly, the court concluded that the State had until November 3 in which to bring Davis to trial.

After completing the above calculations, the district court also found that Davis had effectively waived his statutory right to a speedy trial. The court noted that the original trial date in this case was January 5, 2017, and it stated that since Davis had moved to continue the anticipated trial date beyond the statutory 6-month period, he had waived his statutory right to a speedy trial.

Finally, the district court addressed Davis' constitutional speedy trial claim and found that his speedy trial right in that regard had not been violated. The court found that all factors of the applicable balancing test weighed against Davis that his constitutional speedy trial right had not been violated.

ASSIGNMENTS OF ERROR

Davis asserts that the district court erred in (1) finding that time still remained on the speedy trial clock in violation of § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016) and (2) finding that his constitutional right to a speedy trial had not been violated.

STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Lintz*, 298 Neb. 103, 902 N.W.2d 683 (2017).

Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *State v. Kennedy*, 299 Neb. 362, 908 N.W.2d 69 (2018).

ANALYSIS

*Statutory Speedy Trial Claim.*

Davis asserts that the district court erred in finding that time still remained on the speedy trial clock in violation of §§ 29-1207 and 29-1208.

The statutory right to a speedy trial is set forth in §§ 29-1207 and 29-1208. *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014). Section 29-1207(1) provides, "Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Section 29-1208 provides that if a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. The burden of proof is upon the State to show that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. *Id.*

To calculate the deadline for trial for speedy trial purposes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Collins*, 299 Neb. 160, 907 N.W.2d 721 (2018). In this case, the information was filed on August 24, 2016. Excluding the day the information was filed, counting forward 6 months, and backing up 1 day, the statutory speedy trial clock would have run on February 24, 2017, as the district court calculated. The original trial date of January 5 was within the statutory 6-month period.

With respect to excludable periods, § 29-1207(4) provides:

The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to, an examination and hearing on competency and the period during which he or she is incompetent to stand trial; the time from filing until final

disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement, and motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel. . . . A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period;

(c) The period of delay resulting from a continuance granted at the request of the prosecuting attorney [under certain specified circumstances].

(d) The period of delay resulting from the absence or unavailability of the defendant;

. . . .

(f) Other periods of delay not specifically enumerated in this section, but only if the court finds that they are for good cause.

The first excludable period in this case was due to Davis' motion for deposition filed on September 23, 2016, which was granted by the district court on September 26. The plain terms of § 29-1207(4)(a) exclude all time between the time of the filing of a defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). The excludable period commences on the day immediately after the filing of a defendant's pretrial motion. *Id.* Final disposition under § 29-1207(4)(a) occurs on the date the motion is granted or denied. *State v. Williams, supra*. See *State v. Murphy*, 255 Neb. 797, 587 N.W.2d 384 (1998) (motion for deposition is "proceeding" under § 29-1207(4)(a) and time required for its disposition is automatically excluded). The speedy trial clock was tolled for 3 days from September 24, the day after Davis filed his motion for deposition until resolution of that motion on September 26.

The second excludable period was due to Davis' absence when he failed to appear on November 14, 2016, for a pretrial conference. Davis reappeared on November 21 and a hearing was held on that day. See § 29-1207(4)(d) (period of delay resulting from absence or unavailability of defendant); *State v. Bridgeford*, 298 Neb. 156, 903 N.W.2d 22 (2017), *modified on denial of rehearing* 299 Neb. 22, 907 N.W.2d 15 (2018) (continuances of pretrial conferences are excludable from speedy trial clock from original date of pretrial conference to newly scheduled pretrial conference date). The speedy trial clock was tolled for 7 days due to Davis' absence.

The third excludable period was due to Davis' motion to continue filed on December 28, 2016. The district court heard Davis' motion on December 29, entered an order granting the motion on January 4, 2017, and continued the jury trial date to April 4. The court excluded 97 days from the speedy trial clock due to this continuance, starting its calculation on December 29, 2016, the day of the hearing. However, for speedy trial purposes, the calculation for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends. *State v. Williams, supra*. While the court may have orally granted the motion to continue at the hearing

- 4 -

on December 29, we do not have a bill of exceptions from that hearing to confirm. We calculate this period of excludible time to start on January 5, 2017, the day after the court entered the order granting the continuance and to end on the rescheduled trial date of April 4, 2017, resulting in 90 excludable days.

The fourth excludable period results from the request at the March 20, 2017, hearing by Davis' attorney for a different trial date. At that hearing, Davis waived his right to a jury trial, and his attorney requested a different nonjury trial date. Accordingly, on March 23, the district court entered an order cancelling the previously scheduled April 4 jury trial and scheduling a bench trial for June 23. The court treated this as a continuance and excluded 95 days from the clock.

With respect to this fourth excludable period, Davis first argues that he did not request a continuance during the March 20, 2017, hearing. We disagree. During the March 20 hearing after the district court accepted Davis' waiver of a jury trial, his counsel noted that while the case had been set for "[jury] trial on April 3rd [sic]," she would prefer "a different date." She also informed the court that she had checked with the bailiff, who was uncertain about whether the court had "back up juries set." The court agreed that a "different date" from the "nonjury calendar" would be appropriate, informed Davis' attorney that such a date would be selected, and that if the selected date did not "work with counsel," it could be addressed later. Davis' attorney thanked the court, and the hearing was adjourned. Although Davis' attorney did not use the word "continuance" in her discussion with the court, this was clearly a request to continue trial from April 4 to a later nonjury trial date. The terminology chosen by the defendant or defense counsel does not dictate whether or not a delay resulting from a continuance is excludable for the purposes of speedy trial calculation. *State v. Craven*, 17 Neb. App. 127, 757 N.W.2d 132 (2008). The request for a nonjury trial date, made by Davis' counsel in connection with Davis' jury trial waiver, resulted in the trial being rescheduled to June 23. And, § 29-1207(4)(b) provides that periods of delay resulting from continuances "granted at the request or with the consent of the defendant or his or her counsel" are to be excluded. This was clearly a continuance requested and consented to by Davis' counsel, and the resulting period of delay was properly excluded by the court.

The written order continuing the trial was entered March 23, 2017. Thus, the calculation of excludible time for the fourth period starts on March 24, the day after the order, and ends on the rescheduled trial date of June 23, resulting in 92 excludable days. However, the third and fourth excludable periods overlap by 12 days (from March 24 through the end of the third excludable period on April 4). Thus, we include the time from March 24 through April 4 only in our count of the number of days in the third excludable period. Taking the overlap into account, there are 80 excludable days attributable to the fourth excludable period.

Davis filed his motion to discharge on June 22, 2017. At that time, there were at least 180 excludable days. Counting forward 180 days from February 24 (the date on which the clock would have run absent any excludable periods) shows that the State had until August 23, absent additional excludable periods, to bring Davis to trial. We note that Davis' June 22 motion to discharge also is a request for continuance within the meaning of § 29-1207(4)(b). See *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014). The excludable period for this motion began on June 23, the day after the motion was filed, and resulted in an additional excludable day. Although our calculations differ somewhat from those of the district court, the court's conclusion that time

remained on the speedy trial clock when Davis filed his motion for discharge is not clearly erroneous.

To determine if a defendant has permanently waived his or her statutory right to a speedy trial, the inquiry is simply whether the defendant's motion to continue resulted in a trial date that exceeded the 6-month period, as calculated with the excludable periods up to the date of the motion; the reason for and nature of the motion to continue are of no consequence. *State v. Bridgeford*, 298 Neb. 156, 903 N.W.2d 22 (2017), *modified on denial of rehearing* 299 Neb. 22, 907 N.W.2d 15 (2018). The statutory right to a speedy trial is not a personal right that can be waived only by a defendant. *State v. McHenry*, 268 Neb. 219, 682 N.W.2d 212 (2004). Defense counsel's request for a continuance in order to prepare for trial waives a defendant's statutory right to a speedy trial despite the defendant's objections to the continuance. *Id.*

The State argues that Davis waived his statutory right to a speedy trial by virtue of his motion to continue filed on December 28, 2016. We agree. There were a total of 10 days already excludable from the speedy trial clock when Davis filed his motion on December 28, 2016 (i.e., the first two excludable periods of 3 and 7 days, respectively). Adding these 10 days to the initial clock date of February 24, 2017, the speedy trial clock would have run on March 6. Davis' December 28, 2016, motion to continue resulted in a new trial date of April 4, 2017, which exceeded the statutory 6-month period. Thus Davis waived his statutory right to a speedy trial.

Davis argues that the district court improperly found that he waived his statutory right to a speedy trial because the court had an obligation to advise him of his speedy trial rights before those rights are waived by a continuance. He relies on *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972), one of the first cases to reach the Nebraska Supreme Court involving Nebraska's speedy trial statutes. The Supreme Court "deem[ed] it advisable" to recommend the following "for procedural uniformity":

> When the district court sets a date for trial, which date is later than the statutory time allowed by section 29-1207, R.S. Supp., 1971, the court shall:
>
> (1) Advise the defendant of his statutory right to a speedy trial and the effect of his consent to a period of delay, and
>
> (2) Ascertain of record whether the defendant does or does not waive his right to a speedy trial and consent to the trial date set.

*State v. Alvarez*, 189 Neb. at 293, 202 N.W.2d at 611.

The State argues that *Alvarez* is inapplicable here and directs our attention to *State v. Sims*, 272 Neb. 811, 725 N.W.2d 175 (2006), which examined *Alvarez*. In *State v. Sims*, the Nebraska Supreme Court observed that *Alvarez* involved a period of delay under § 29-1207(4)(f), which requires a showing of "good cause," rather than an excludable period under § 29-1207(4)(b) as was presented in *Sims* and for which no such showing is required. The continuance at issue in *Sims* had been requested by the defendant's counsel. The Supreme Court observed that in determining whether a period of delay is attributable to defense counsel's motion to continue, an appellate court need not inquire as to what extent there was "good cause" for the delay. *State v. Sims, supra*. Citing *State v. McHenry, supra*, the *Sims* court noted that the speedy trial right can be waived by defense counsel and the defendant will be bound even if opposed to counsel's motion for continuance. The

*Sims* court stated that "[a] defendant can only be deemed not so bound in the event that counsel is a "'"""farce and a sham." . . .'""" 272 Neb. at 823, 725 N.W.2d at 186. The court stated further, "Inasmuch as the procedural recommendations set forth in *Alvarez* could be deemed applicable to an excludable period under § 29-1207(4)(b), [the defendant] fails to make any argument as to how the failure to follow such procedure violated his speedy trial rights where trial counsel waived that right on his behalf." *State v. Sims*, 272 Neb. at 823, 725 N.W.2d at 186.

The present case also involves a motion for continuance under § 29-1207(4)(b), which does not require a showing of "good cause." As in *State v. Sims*, we find the recommendations set forth in *Alvarez* inapplicable. Davis was bound by the motion for continuance filed by his attorney on December 28, 2016, and he does not argue that representation by his attorney was a farce or a sham. Nor does he argue how the recommendations set forth in *Alvarez* might be applicable where his attorney waived his speedy trial right on his behalf.

Although the district court appears to have based its finding of waiver on either the continuance requested by Davis' attorney in March 2017 or the continuance represented by his motion to discharge, rather than the December 2016 continuance, the court's conclusion that Davis had permanently waived his statutory speedy trial right was not clearly erroneous. Because Davis waived his statutory right to a speedy trial by his first requested continuance, we need not calculate the exact number of days remaining on the speedy trial clock.

*Constitutional Speedy Trial Claim.*

Davis asserts that the district court erred in finding that his constitutional right to a speedy trial had not been violated.

The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11. *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014). The constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *Id.* Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which the courts must approach each case on an ad hoc basis. *State v. Johnson*, 298 Neb. 491, 904 N.W.2d 714 (2017). This balancing test involves four factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *Id.* None of these four factors standing alone is a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial. *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016). Rather, the factors are related and must be considered together with other circumstances as may be relevant. Id.

The first factor, the length of delay, acts as a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance when determining whether constitutional speedy trial rights have been violated. *State v. Betancourt-Garcia, supra.* Here, the district court determined that the time between the filing of the information in this case and Davis' motion to discharge was 302 days. According to the court's calculations, "251 of these days (and counting)" were attributable to various motions filed by Davis, including his motion for discharge. The court looked to § 29-1207 as a guide for assessing the first factor and found that the length of delay in this case did not weigh in favor of Davis.

Davis specifically argues that the district court's exclusion of the time between the March 23, 2017, hearing and the bench trial date of June 23 (after Davis' waiver of a jury trial and request for a different nonjury date) was unreasonable. We have already determined that his attorney's request for a different nonjury trial date at the March 20 hearing was a continuance resulting in 92 days excludable from the statutory speedy trial clock under § 29-1207(4)(b).

As noted by the district court, § 29-1207 provides a useful standard for assessing whether the length of a trial delay is unreasonable under the U.S. and Nebraska Constitutions. *State v. Hettle, supra*. It is an unusual case in which the Sixth Amendment has been violated when the time limits under the speedy trial act have been met. *State v. Hettle, supra*. Davis has not shown that the delay attributable to the March 2017 continuance was presumptively prejudicial, and as did the district court, we note that the bulk of the time between the filing of the information and Davis' motion to discharge is attributable to the various motions filed by Davis, including the motion to discharge. We agree that this length of delay does not weigh in favor of Davis. Absent a presumptively prejudicial delay, we need not address the remaining factors, but as they were addressed by the district court and by Davis in his brief on appeal, we examine them briefly for the sake of completeness.

The second factor, the reason for delay, requires us to evaluate "whether the government or the criminal defendant is more to blame." *Doggett v. United States*, 505 U.S. 647, 651, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992). The primary burden to ensure that cases are brought to trial lies with the courts and the prosecutors. *State v. Schmader*, 13 Neb. App. 321, 691 N.W.2d 559 (2005). In addressing this factor, the district court found that there was no evidence adduced at the hearing on Davis' motion for discharge to show any deliberate attempt by the State to delay trial or hamper the defense. Davis does not argue otherwise; rather, he again addresses his arguments to the court's finding that the statutory speedy trial clock was tolled by the March 2017 continuance. We have already determined that this period from March 24 to June 23 was properly considered a period of delay resulting from a continuance granted at the request Davis' counsel. Further, the record does not show that that this period of delay should be attributable to the State, and the record shows, in general, that Davis is "more to blame" for the delays in this case. The district court's finding that the second factor weighs in favor of the State is not clearly erroneous.

The third factor addresses "whether in due course the defendant asserted his right to a speedy trial." *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016). There is some responsibility upon a defendant to assert his right to a speedy trial, but this is not to say that a defendant has a duty to bring himself to trial or to demand a trial. *State v. Wilson*, 16 Neb. App. 878, 754 N.W.2d 780 (2008). With respect to this factor, the district court found that the only action taken by Davis that could be seen as an assertion of his right to a speedy trial was his filing of the motion to discharge. The court concluded that this factor weighs in favor of the State. This finding is not clearly erroneous. See *State v. Schmader, supra* (defendant's only assertion of speedy trial right was filing of motion to discharge).

The final factor considers whether the defendant suffered any prejudice from the delay. See *State v. Betancourt-Garcia, supra*. In analyzing the prejudice factor of the four-factor test to determine whether constitutional speedy trial rights have been violated, the U.S. Supreme Court enumerated three aspects: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety

and concern of the defendant, and (3) limiting the possibility that the defense will be impaired by dimming memories and loss of exculpatory evidence. *Id.* While there may be some degree of anxiety and concern in every criminal case, anxiety or concern by itself does not establish prejudice where the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances. *State v. Wilson, supra*.

The district court observed that Davis was not incarcerated awaiting disposition on the count charged in the information. Davis had not provided the court with any evidence identifying particular instances that had weighed heavily on him so as to trigger the fourth factor. Further, the court found nothing in the record to show that Davis' defense had been impaired by the delay, noting again that the bulk of the delays in this case came at Davis' request. The court also noted that the State "at each and every juncture has subpoenaed witnesses for each scheduled trial." Accordingly, the court concluded that the fourth factor weighed in favor of the State. Davis argues that he was prejudiced by the delay attributed to the March 2017 continuance because he did not affirmatively request a continuance or waive his right to a speedy trial. We have already found these arguments to be without merit. Davis does not argue that he suffered oppressive pretrial incarceration, that he suffered undue anxiety or concern because of the delay, or that the delay attributable to the March 2017 continuance led to any dimming of memories of loss of exculpatory evidence. The court's conclusion that this factor weighs in favor of the State is not clearly erroneous.

After weighing the totality of the circumstances and the four factors of the balancing test, we conclude that Davis' right to a speedy trial under U.S. Const. amend. VI and Neb. Const. art. I, § 11, was not violated. The district court did not err in denying his motion for discharge in this regard.

## CONCLUSION

The district court did not err in denying Davis' motion for discharge on statutory or constitutional grounds. We affirm.

AFFIRMED.