STATE OF NEBRASKA, APPELLEE, V.
JARON DEAN, APPELLANT.
708 N.W.2d 640
Filed January 20, 2006.    No. S-05-626.

JaRon Dean, pro se.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.
JaRon Dean appeals from the denial of his motion for post-conviction DNA testing pursuant to the DNA Testing Act, Neb. Rev. Stat. §§ 29-4116 to 29-4125 (Cum. Supp. 2004). We affirm the judgment of the district court for Lancaster County.

BACKGROUND
Dean was charged with first degree murder and the use of a firearm to commit a felony in connection with the 1992 shooting death of Deron Haynes. Following a bench trial in 1993, Dean was found guilty of second degree murder and use of a firearm to commit a felony and was sentenced to life imprisonment. Dean's convictions and sentences were affirmed in *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994), *overruled on other*

*grounds, State v. Burlison,* 255 Neb. 190, 583 N.W.2d 31 (1998). His motion for postconviction relief was denied by the district court, and that judgment was affirmed by this court in *State v. Dean,* 264 Neb. 42, 645 N.W.2d 528 (2002).

Appearing pro se, Dean initiated this proceeding in March 2004. In his operative motion for postconviction DNA testing filed on December 29, 2004, Dean requested that DNA testing be conducted on numerous exhibits received in evidence at his trial, including bullet fragments, bullet casings, ammunition, and the AK-47 rifle Dean was alleged to have used in the shooting. Dean alleged that such testing was not available at the time of his trial and that if conducted, it would "not produce any biological material associated with him" and thus would prove that he was "not the shooter and had nothing whatsoever to do with the charge [sic] crime." Attached to Dean's motion were his affidavit and those of two persons who had testified at his trial as witnesses for the State. Dean also filed a motion for discovery and a request for appointment of counsel pursuant to § 29-4122.

The State filed a motion and brief to deny Dean's requests. Attached to the State's motion were two affidavits: an affidavit of a medical doctor who was an assistant professor at the University of Nebraska Medical Center and director of the human DNA identity laboratory located there and an affidavit of the chief deputy county attorney in Lancaster County who was one of the prosecutors in the three trials associated with the murder of Haynes. At a hearing held on March 14, 2005, in which Dean participated by telephone, the State reoffered portions of the trial record which were received over Dean's objection. None of the affidavits filed by Dean in support of his motion or by the State in support of its resistance were offered or received into evidence. In an order entered on April 26, the district court denied Dean's motion for DNA testing and his request for appointment of counsel. The court concluded that because many persons had handled the evidence in question after the commission of the crime, Dean had not established that "the evidence has been retained under circumstances likely to safeguard the integrity of its original condition." The court also found that because there was no question as to whether Dean handled the AK-47 rifle involved in the shooting, DNA testing of the items

would not produce noncumulative, exculpatory evidence relevant to Dean's claim of wrongful conviction. The record does not include any ruling on Dean's discovery motion.

## ASSIGNMENTS OF ERROR

Dean asserts nine assignments of error which can be grouped and restated as three. Dean contends that the district court erred (1) by denying his motion for DNA testing, (2) by denying his request for appointment of counsel, and (3) by ruling on those motions without first ruling on his motion for discovery.

## STANDARD OF REVIEW

A motion for DNA testing is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed. *State v. McDonald*, 269 Neb. 604, 694 N.W.2d 204 (2005); *State v. Lotter*, 266 Neb. 758, 669 N.W.2d 438 (2003). In an appeal from a proceeding under the DNA Testing Act, the trial court's findings of fact will be upheld unless such findings are clearly erroneous. *State v. Lotter, supra*; *State v. Poe*, 266 Neb. 437, 665 N.W.2d 654 (2003).

## ANALYSIS

The DNA Testing Act provides in relevant part:

(1) Notwithstanding any other provision of law, a person in custody pursuant to the judgment of a court may, at any time after conviction, file a motion, with or without supporting affidavits, in the court that entered the judgment requesting forensic DNA testing of any biological material that:

(a) Is related to the investigation or prosecution that resulted in such judgment;

(b) Is in the actual or constructive possession or control of the state or is in the possession or control of others under circumstances likely to safeguard the integrity of the biological material's original physical composition; and

(c) Was not previously subjected to DNA testing or can be subjected to retesting with more current DNA techniques that provide a reasonable likelihood of more accurate and probative results.

. . . .

(5) Upon consideration of affidavits or after a hearing, the court shall order DNA testing pursuant to a motion filed under subsection (1) of this section upon a determination that such testing was effectively not available at the time of trial, that the biological material has been retained under circumstances likely to safeguard the integrity of its original physical composition, and that such testing may produce noncumulative, exculpatory evidence relevant to the claim that the person was wrongfully convicted or sentenced. § 29-4120.

■ We note that both parties rely on information included in affidavits which they filed in the district court. The affidavits are included in the transcript, but they do not appear in the bill of exceptions because they were never offered or received in evidence. An affidavit used as evidence with respect to a motion before a district court cannot be considered on appeal unless it has been offered and received in evidence and preserved in and made a part of the bill of exceptions. See, *Altaffer v. Majestic Roofing*, 263 Neb. 518, 641 N.W.2d 34 (2002); *Rodriguez v. Nielsen*, 259 Neb. 264, 609 N.W.2d 368 (2000). Because none of the affidavits filed in this case were received in evidence or included in the bill of exceptions, we do not consider them in resolving this appeal.

Thus, the only evidentiary materials before us are those portions of the trial record which were marked and received in evidence at the hearing on Dean's motion for DNA testing. Summarized, this evidence reflects that while Dean initially denied participation in the shooting, he subsequently requested a meeting with a Lincoln police sergeant and, after being advised of his *Miranda* rights, admitted that he had fired the AK-47 assault rifle to which the fatal shot was traced. In his confession, Dean specifically stated that he thought the weapon was semiautomatic because he had to "pull the trigger." A witness testified at Dean's trial that Dean was in possession of the AK-47 rifle when the shooting began. At trial, Dean's counsel did not dispute that Dean had fired the rifle, but, rather, argued that Dean had little knowledge of firearms and intended no harm, but only sought to scare the victim. Defense counsel did

not challenge either the testimony of witnesses who stated that they saw Dean handling the AK-47 rifle or the testimony concerning Dean's confession to the police.

We turn to the dispositive question of whether the district court abused its discretion in concluding that DNA testing would not produce noncumulative, exculpatory evidence relevant to Dean's claim that he was wrongfully convicted. See § 29-4120. The DNA Testing Act defines exculpatory evidence as evidence "which is favorable to the person in custody and material to the issue of the guilt of the person in custody." § 29-4119. Dean asserts in his motion that the requested testing "will not produce any biological material associated with him" and thus "will stand as sufficient evidence" that he "was not the shooter." However, even if Dean is correct and DNA testing would not detect the presence of his DNA on the objects in question, the result would be at best inconclusive, and certainly not exculpatory.

As an initial matter, DNA testing presupposes at least two samples of biological material. See *State v. Lotter*, 266 Neb. 758, 770, 669 N.W.2d 438, 447 (2003) (stating that "function of testing DNA evidence is to determine whether the sample being examined contains genetic characteristics similar to a sample from a known individual"). Dean has not identified or made any showing regarding the circumstances, if any, under which the handling or discharge of a firearm or ammunition would yield a comparative sample of any residual biological material containing DNA years after the crime was committed. The presence of such a sample is an essential premise of Dean's claim regarding the import of the absence of his own DNA.

Furthermore, even assuming a biological sample did exist and that Dean's DNA was absent from that sample, on the record before us, it would be mere speculation to conclude that the absence of Dean's DNA on the firearm and ammunition would exclude him as being the person who fired the fatal shot. This is particularly so in view of the persuasive and undisputed trial evidence to the contrary. See *State v. Lotter*, 266 Neb. at 770, 669 N.W.2d at 448 (holding that "mere speculation" to conclude that absence of murder victim's blood on defendant's clothing and presence on accomplice's clothing would establish

that accomplice and not defendant had fired fatal shots). We conclude that the trial court did not abuse its discretion in refusing DNA testing because even if such tests produced the result that Dean predicts, the result would not be exculpatory.

Dean also assigns error in the district court's denial of his request for appointment of counsel. Under the DNA Testing Act, upon a showing that that DNA testing may be relevant to a claim of wrongful conviction, the court shall appoint counsel for an indigent person. § 29-4122. For the reasons discussed above, Dean did not make the requisite showing that DNA testing may be relevant to his claim of wrongful conviction, and the district court therefore did not abuse its discretion in denying his request for appointment of counsel.

Finally, Dean assigns that the district court erred by ruling on the previous motions without first ruling on his motion for discovery. The record reflects that the district court took Dean's discovery motion under advisement but never ruled on it. In appellate proceedings, the examination by the appellate court is confined to questions which have been determined by the trial court. *State v. Poe*, 266 Neb. 437, 665 N.W.2d 654 (2003). We have long held that a party who fails to insist upon a ruling to a proffered objection waives that objection. See *Toombs v. Driver Mgmt., Inc.*, 248 Neb. 1016, 540 N.W.2d 592 (1995) (party in civil action failed to insist on ruling on motion to compel production); *State v. Williams*, 239 Neb. 985, 480 N.W.2d 390 (1992) (defendant in criminal action failed to insist on ruling on challenge of juror for cause). See, also, *State v. Rodriguez*, 6 Neb. App. 67, 569 N.W.2d 686 (1997) (defendant in criminal action failed to insist on ruling on motion for directed verdict). Because there was no ruling on Dean's motion, and because Dean did not insist upon a ruling, any questions regarding his motion are not properly before us.

## CONCLUSION

For the reasons discussed, we conclude that Dean's assignments of error are without merit, and we affirm the judgment of the district court.

AFFIRMED.