Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/09/2016 09:08 AM CDT

State of Nebraska, appellee, v.
Edward Hood, appellant.
___ N.W.2d ___

Filed September 9, 2016.    No. S-15-1124.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
3. **Speedy Trial.** Nebraska's speedy trial statutes provide in part that every person indicted or informed against for any offense shall be brought to trial within 6 months.
4. ____. In computing whether a trial is timely, certain periods of delay are excluded from the calculation, including the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence.
5. **Speedy Trial: Motions to Suppress.** Determination of whether the speedy trial clock is tolled during the State's interlocutory appeal from a suppression order does not turn on whether the appeal was successful or why it was dismissed, but, rather, on whether it was authorized.
6. **Speedy Trial.** When the State is statutorily authorized to take an interlocutory appeal from a district court's order granting a defendant's pretrial motion in a criminal case, then such an appeal is an expected and reasonable consequence of the defendant's motion and the time attributable to the appeal, regardless of the course the appeal takes, is properly excluded from the speedy trial computation under Neb. Rev. Stat. § 29-1207(4)(a) (Cum. Supp. 2014).
7. **Motions to Suppress: Speedy Trial: Appeal and Error.** Neb. Rev. Stat. § 29-824 (Reissue 2008) expressly authorizes the State to appeal from a district court's order granting a defendant's motion to suppress,

so such an appeal is an expected and reasonable consequence of the defendant's motion to suppress and final disposition of the motion to suppress under Neb. Rev. Stat. § 29-1207(4)(a) (Cum. Supp. 2014) does not occur until the State's appeal is decided.

Appeal from the District Court for Garden County: Derek C. Weimer, Judge. Affirmed.

Kelly S. Breen, of Nebraska Commission on Public Advocacy, for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Stacy, J.

Edward Hood appeals from a district court order denying his motion for absolute discharge. The issue presented is whether to exclude from the speedy trial calculation time attributable to the State's unsuccessful appeal from an order sustaining Hood's motion to suppress evidence. We conclude the speedy trial clock was tolled while the State pursued the appeal, and we affirm the denial of the motion for discharge.

## FACTS

On January 29, 2014, an information was filed in the district court charging Hood with six counts: motor vehicle homicide, manslaughter, driving under the influence of alcohol or drugs causing serious bodily injury, driving under the influence of alcohol or drugs with two prior convictions, refusal to submit to a chemical test with two prior convictions, and refusal to submit to a preliminary breath test. The charges arose out of a December 7, 2013, accident in which the driver of another vehicle was killed by a vehicle driven by Hood.

Prior to trial, Hood filed a motion to suppress blood and urine samples taken from him. After conducting an

evidentiary hearing, the district court granted the motion. The order granting the motion to suppress was entered on February 27, 2015.

On March 4, 2015, the State filed a notice in the district court that it intended to appeal from the order granting the motion to suppress and asked the district court to fix a time for it to file its application for appellate review.[1] On the same date, the State filed a praecipe in district court, asking that a transcript of the proceedings be prepared and filed with the Clerk of the Supreme Court of Nebraska.

On April 1, 2015, the State filed its application for review with the Clerk of the Supreme Court.[2] The bill of exceptions was filed on April 7. The record indicates the bill of exceptions was not filed sooner, because the court reporter believed she had 7 weeks in which to file it.

The Nebraska Court of Appeals dismissed the State's appeal, finding that § 29-825 required the State to file the bill of exceptions within 30 days of filing the notice of intent to appeal and that the State's failure to do so deprived the court of appellate jurisdiction.[3] After the cause was remanded to the district court, Hood filed a motion for absolute discharge, claiming his statutory right to a speedy trial had been violated. He contended the appeal did not toll the 6-month time period the State had to bring him to trial,[4] and he asked the district court to dismiss all charges against him.

The district court found the time during which the appeal was pending was excludable from the statutory speedy trial calculation and denied the motion for absolute discharge. Hood filed this timely appeal, and we granted his petition to bypass the Court of Appeals.

---

[1] See Neb. Rev. Stat. §§ 29-824 to 29-826 (Reissue 2008).

[2] See § 29-824.

[3] See *State v. Hood*, 23 Neb. App. 208, 869 N.W.2d 383 (2015).

[4] See Neb. Rev. Stat. § 29-1207 (Cum. Supp. 2014).

## ASSIGNMENT OF ERROR

Hood assigns that the district court erred in finding the time attributable to the State's interlocutory appeal of the suppression order was excludable from the speedy trial calculation.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[5]

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.[6]

## ANALYSIS

[3,4] Nebraska's speedy trial statutes provide in part that "[e]very person indicted or informed against for any offense shall be brought to trial within six months . . . ."[7] In computing whether a trial is timely, certain periods of delay are excluded from the calculation, including "the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence."[8] The question before us is whether the time attributable to the State's interlocutory appeal from the suppression order is properly excluded from the speedy trial calculation.

In *State v. Hayes*,[9] the Court of Appeals considered the effect on a defendant's speedy trial rights when the State files an interlocutory appeal of an order suppressing evidence.

---

[5] *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014); *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013).

[6] *State v. Carman*, 292 Neb. 207, 872 N.W.2d 559 (2015); *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015).

[7] § 29-1207(1).

[8] § 29-1207(4)(a).

[9] *State v. Hayes*, 10 Neb. App. 833, 639 N.W.2d 418 (2002).

Then, as now, § 29-1207(4)(a) requires exclusion of "the time from filing until final disposition" of a defendant's motion to suppress, and the court held that "final disposition" does not occur until any interlocutory appeal from an order granting suppression is decided. The court reasoned that absent such tolling, the State's statutory right to appeal an order granting a motion to suppress would be rendered meaningless:

[T]he State's right to appeal would be largely a nullity if the speedy trial clock were running during an appeal's pendency. This concern has been noted in other jurisdictions where the State has a statutory right to appeal. . . . Indeed, it would be a perverse result if the appellate judge were to reverse the suppression, but no time was left on the speedy trial clock because it had been running while the State sought reversal of a suppression order. In short, to avoid rendering the State's statutory right to appeal suppression orders meaningless, we hold that the speedy trial clock does not run while the State pursues such an appeal.[10]

We implicitly agreed with *Hayes* in *State v. Recek*.[11] There, the district court granted a defendant's pretrial motion to quash one of two counts in an information. The State attempted to appeal the ruling pursuant to a statute which authorizes certain appeals by the State from final orders.[12] The State's appeal was summarily dismissed, because the order appealed from was not a final order, and its subsequent motion for rehearing was overruled. After the mandate issued, the defendant moved the district court for absolute discharge, claiming his speedy trial rights had been violated. There was no dispute that the time between the filing of the motion to

---

[10] *Id*. at 840-41, 639 N.W.2d at 426-27.

[11] *State v. Recek*, 263 Neb. 644, 641 N.W.2d 391 (2002), *disapproved on other grounds, State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004).

[12] See Neb. Rev. Stat. § 29-2315.01 (Reissue 2008).

quash and the district court's order granting the motion was properly excludable under § 29-1207, but the parties disagreed whether the time attributable to the State's interlocutory appeal was excludable.

*Recek* acknowledged the holding in *Hayes* that the speedy trial clock does not run while the State pursues an appeal from an order granting a motion to suppress. But *Recek* concluded *Hayes* was inapplicable, because "in [*Hayes*,] the State's appeal was clearly permissible"[13] pursuant to the relevant statute, while in *Recek*, there was no statute granting the State authority to appeal from the order quashing one of two counts in an information, a nonfinal order. Because the State lacked authority to pursue the interlocutory appeal, we concluded in *Recek* that the time during which the appeal was pending was not properly excluded from the speedy trial calculation. We specifically reasoned that because the appeal was not authorized, the "delay was not an expected and reasonable consequence of the motion to quash and [thus] was not chargeable to" the defendant.[14]

Here, both parties agree the appeal by the State was statutorily authorized by § 29-824, which provides in relevant part: "In addition to any other right to appeal, the state shall have the right to appeal from an order granting a motion for the return of seized property and to suppress evidence . . . ." They disagree, however, on the significance, for purposes of the speedy trial calculation, of the State's failure to file the bill of exceptions within 30 days of filing the notice of intent to appeal.[15]

Hood argues that because the timing of the State's filing of the bill of exceptions prompted the Court of Appeals to dismiss the appeal for lack of jurisdiction, our holding in *Recek*

---

[13] *State v. Recek, supra* note 11, 263 Neb. at 649, 641 N.W.2d at 396.

[14] *Id*. at 651, 641 N.W.2d at 397.

[15] See §§ 29-824 to 29-826.

compels the conclusion that the time attributable to the State's appeal should not count against Hood. The State argues that the timely filing of a bill of exceptions under § 29-825 is not a jurisdictional requirement, and also argues that this case is distinguishable from *Recek*, because there, the State attempted to appeal from a nonfinal order, while here, the State had express statutory authority to appeal.

It is true the Court of Appeals dismissed the State's interlocutory appeal of the suppression order by reasoning the failure to file the bill of exceptions within 30 days of filing the notice of intent to appeal deprived the court of jurisdiction to consider the appeal.[16] While the plain language of § 29-825 mandates the filing of a bill of exceptions, we have not yet considered whether such filing is a jurisdictional requirement. But even if it is—a question we do not decide here because it is not squarely before us—the reason underlying the dismissal of the State's interlocutory appeal of the suppression order does not answer the question presented in the appeal before us now.

[5,6] Here, we must decide whether the speedy trial clock was tolled during the State's interlocutory appeal from the suppression order. Under our analysis in *Recek*, the answer to that question does not turn on whether the State's appeal was successful or why it was dismissed, but, rather, on whether it was authorized. Under *Recek*, when the State is statutorily authorized to take an interlocutory appeal from a district court's order granting a defendant's pretrial motion in a criminal case, then such an appeal is an "expected and reasonable consequence" of the defendant's motion and the time attributable to the appeal, regardless of the course the appeal takes, is properly excluded from the speedy trial computation under § 29-1207(4)(a).[17]

---

[16] See *State v. Hood, supra* note 3.

[17] *State v. Recek, supra* note 11.

[7] Section 29-824 expressly authorized the State to appeal from the district court's order granting Hood's motion to suppress. As such, the State's appeal was "an expected and reasonable consequence"[18] of Hood's motion to suppress, and "final disposition" of the motion to suppress under § 29-1207(4)(a) did not occur until the State's appeal was decided.[19] The district court correctly held that the time attributable to the State's appeal was excluded from the speedy trial calculation under § 29-1207(4)(a).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's decision overruling the motion for absolute discharge and remand the cause for further proceedings.

AFFIRMED.

CONNOLLY, J., not participating.

───────────

[18] *Id.* at 651, 641 N.W.2d at 397.

[19] See *State* v. *Hayes, supra* note 9.