Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:11 PM CST

**State of Nebraska, appellee, v.
Joseph A. Gill, appellant.**
___ N.W.2d ___

Filed September 22, 2017.    No. S-16-1063.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
3. **Pleadings: Limitations of Actions: Final Orders: Appeal and Error.** A ruling on a motion to quash on the ground that the charges of the information are allegedly outside the statute of limitations is not a final, appealable order as defined by Neb. Rev. Stat. § 25-1902 (Reissue 2016), no matter how the motion was denominated.
4. **Jurisdiction: Final Orders: Appeal and Error.** An appeal from a final order may raise every issue presented by the order that is the subject of the appeal, but appellate jurisdiction does not extend to issues not presented by the final order.
5. ____: ____: ____. An appellate court cannot address on appeal issues that do not bear on the correctness of the final order upon which its appellate jurisdiction is based.
6. **Pleadings: Final Orders: Appeal and Error.** A litigant cannot gain interlocutory review of an issue that does not affect a substantial right by surreptitiously joining it to a motion that otherwise results in a final order.
7. **Speedy Trial: Motions for Continuance: Waiver.** The definite or indefinite nature of a requested continuance is irrelevant to the applicability of the waiver set forth in the amended language of Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016).

Appeal from the District Court for Saunders County: Mary C. Gilbride, Judge. Affirmed.

Mark A. Steele, of Steele Law Office, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Wright, J.

## NATURE OF CASE

This case presents an appeal from the denial of the defendant's motion for absolute discharge. The defendant and the State dispute whether defendant's motion to continue the trial date outside the statutory 6-month period constituted a permanent waiver, under Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016), of the statutory speedy trial right. Alternatively, they dispute what periods of delay were attributable to the State or to the defendant.

## BACKGROUND

On November 9, 2015, Joseph A. Gill was charged with seven counts of first degree sexual assault, see Neb. Rev. Stat. § 28-319(1)(a) (Reissue 2016), and two counts of incest, see Neb. Rev. Stat. § 28-703 (Reissue 2016). Counts I through III alleged sexual assault on or about September 21, 1996, to June 10, 2002, on T.H., born in 1989. Count IV alleged sexual assault on T.H. on or about September 21, 1997, to September 20, 1998. Count V alleged sexual assault on T.H. on or about September 21, 1998, to September 2, 2002, and count VI alleged sexual assault on T.H. on or about June 3 to 10, 2002.

Count VII alleged incest with T.H. on or about September 21, 1996, to June 10, 2002.

Count VIII alleged sexual assault on K.A., born in 1998, on or about January 1, 2005, to December 31, 2006. Lastly,

count IX alleged incest with K.S., born in 1998, on or about January 1, 2005, to December 31, 2006.

On November 16, 2015, Gill moved to quash the information on the ground that the charges were time barred under Neb. Rev. Stat. § 29-110 (Reissue 2016).

Section 29-110(8) currently provides that there is no statute of limitations for charges of incest and first degree sexual assault of a child. Prior to an amendment in 2005, however, the statute of limitations for first degree sexual assault of a child was 7 years from the date of the offense or within 7 years after the victim's 16th birthday, whichever was later.[1] The 2005 amendment explicitly applies to offenses committed before September 4, 2005, for which the statute of limitations had not expired as of September 4, 2005, as well as to offenses committed on or after that date.[2]

And it was not until 2009 that the Legislature added the crime of incest to its list of crimes in § 29-110(8) that are without any time limitations for prosecution or punishment.[3] This 2009 amendment applies to offenses committed before May 21, 2009, for which the statute of limitations had not expired as of that date, as well as to offenses committed on or after May 21, 2009.[4] Before the effective date of the 2009 amendment, incest was governed by the general 3-year statute of limitations.[5]

The court ruled on the motion to quash on February 4, 2016. The court concluded that the charges of sexual assault in counts I through V were timely brought because the statute of limitations on these charges had not yet expired as of September 4, 2005. Likewise, the court found that count VIII

---

[1] 2005 Neb. Laws, L.B. 713.

[2] See § 29-110(14).

[3] 2009 Neb. Laws, L.B. 97.

[4] See § 29-110(15).

[5] § 29-110(1) (Reissue 2008).

was timely brought. The court sustained Gill's motion to quash as to count VII. The court also partially sustained Gill's motion to quash as to count IX, to the extent the crime was alleged to have occurred before May 21, 2006.

Gill was rearraigned on the first eight charges on March 21, 2016, with the incest charge that was previously count IX described as count VIII. Apparently, no amended information had been filed. Trial was set for July 13.

On June 20, 2016, Gill orally moved to continue trial for the reason that he had not completed taking depositions. The court granted the motion. As a result of the continuance, trial was set for September 14. Gill did not object to the new trial date.

On July 6, 2016, the State obtained a continuance because the victim for counts VII and VIII was pregnant, with a due date of September 13. The State conceded in its motion that Gill would not consent to the continuance. At the hearing on the motion, defense counsel stated that he understood the situation and "would just ask the Court . . . if [it's] going to grant the State's motion to continue, that it be a short one." The court granted the continuance and set a new trial date for October 12.

On October 11, 2016, the State applied for and was given leave to amend the information, over Gill's objection. The amended information omitted the ninth charge, that the court had previously ordered quashed and which was omitted in the description of the charges when Gill was rearraigned. And the amended information corrected the date of what was newly designated as "count VIII," in order to conform to the court's prior order finding that the charge was timely brought only to the extent it alleged acts occurring before May 21, 2006. The principal purpose of the amended information, however, was to add facts supporting habitual criminal enhancement of the potential sentences. Except for changes made to conform to the court's prior order partially granting Gill's motion to quash and the addition of the habitual criminal

allegations, the amended information was the same as the original information.

At the hearing on the State's motion to amend the information, defense counsel stated that he would not be ready to proceed the next day for the scheduled trial on the amended information; he needed a reasonable opportunity to look it over and discuss the enhanced penalties with Gill. The court granted defense counsel what the court characterized as a request for additional time and it set a new trial date for November 16, 2016. Defense counsel did not object at the hearing to the new trial date.

On November 4, 2016, Gill again filed a motion to quash,[6] on the ground that counts I through VI stated in the information were time-barred. At the hearing, defense counsel explained that he was renewing his motion on the statute of limitations in order to preserve the issue for trial. Also on November 4, Gill filed a separate motion for absolute discharge based on the alleged violations of both his statutory[7] and constitutional rights to a speedy trial.

The court issued an order on November 14, 2016. The court stated in its order that the matters to be addressed were Gill's two motions, but it ultimately explicitly ruled only on the motion for absolute discharge. There appears in the record no ruling on the November 4 motion to quash, and nothing in the record demonstrates that Gill insisted on a ruling.

Relying on our interpretation of § 29-1207(4)(b) in *State v. Hettle*[8] and *State v. Mortensen*,[9] the district court found that Gill had made a permanent and unequivocal waiver of his statutory right to a speedy trial by requesting a continuance that

---

[6] See Neb. Rev. Stat. § 29-1808 (Reissue 2016). See, also, e.g., *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005).

[7] § 29-1207.

[8] *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

[9] *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014).

extended the trial date beyond the statutory 6-month period. Section 29-1207(4)(b) states in relevant part that "[a] defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period."

Alternatively, the court found that without such a permanent waiver, the total period of delay attributable to the State was still only 168 days. The court did not explicitly address Gill's constitutional speedy trial right, but generally denied the motion for absolute discharge. Gill filed this appeal within 30 days of the November 14, 2016, order.

## ASSIGNMENTS OF ERROR

Gill assigns that the district court erred in (1) denying his motion for absolute discharge insofar as it alleged that he was not brought to trial within the statutory time period under § 29-1207, (2) denying his motion for absolute discharge insofar as it alleged that he was denied his constitutional right to a speedy trial, and (3) failing to consider Gill's motion to quash due to the failure of the State to file the information within the statutory time period from the date of the alleged offenses.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[10]

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.[11]

---

[10] *State v. Hood*, 294 Neb. 747, 884 N.W.2d 696 (2016).

[11] *Id.*

## ANALYSIS

### Appellate Jurisdiction

Neb. Rev. Stat. § 25-1911 (Reissue 2016) limits appellate jurisdiction to a judgment rendered or final order. Without a conviction and sentence, there has not yet been a judgment rendered below[12]; thus, we consider the extent to which we are presented with a final order.

The only type of final order potentially present here is "an order affecting a substantial right made in a special proceeding."[13] We have held many times that a ruling on a motion for absolute discharge based upon an accused criminal's nonfrivolous claim that his or her speedy trial rights were violated is a ruling affecting a substantial right made during a special proceeding and is therefore final and appealable.[14] Absolute discharge provided for by Neb. Rev. Stat. § 29-1208 (Reissue 2016) bestows a right not to be tried equivalent to that of the Double Jeopardy Clause.[15] Such a right would not be effectively vindicated in an appeal after the trial has taken place.[16] The parties do not dispute the applicability of these propositions to the court's order denying absolute discharge.

[3] But the State correctly points out that a ruling on a motion to quash on the ground that the charges of the information are allegedly outside the statute of limitations is not a final, appealable order as defined by § 25-1902, no matter how the motion was denominated.[17] As explained in *State v.*

---

[12] See, Neb. Rev. Stat. § 25-1301(1) (Reissue 2016); *In re Interest of Wolkow*, 206 Neb. 512, 293 N.W.2d 851 (1980); *State v. Irwin*, 191 Neb. 169, 214 N.W.2d 595 (1974).

[13] Neb. Rev. Stat. § 25-1902 (Reissue 2016).

[14] *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997).

[15] See *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

[16] See *id*.

[17] See *State v. Loyd, supra* note 6.

*Loyd*,[18] the statutes of limitations do not set forth a remedy of absolute discharge. We have concluded that, in contrast to speedy trial or double jeopardy claims,[19] a ruling on the statute of limitations does not affect a substantial right.[20]

Also, the order presently being appealed does not actually contain a ruling on Gill's motion to quash. The court implicitly rejected Gill's constitutional speedy trial argument in denying his motion for absolute discharge that raised both statutory and constitutional speedy trial arguments. But in its November 15, 2016, order concluding that Gill was not entitled to absolute discharge, the court did not implicitly reject Gill's statute of limitations argument that was raised in a separate motion to quash.

While Gill alternatively asserts it was error for the court to fail to address his second motion to quash, the onus is on the movant to insist upon a ruling below before bringing the issue to the appellate courts.[21] Moreover, even if, in the face of a defendant's insistence, a court refuses to rule on the merits of a motion, the court's refusal to rule would be no more final than a ruling on the motion would have been.

[4-6] An appeal from a final order may raise every issue presented by the order that is the subject of the appeal, but our appellate jurisdiction does not extend to issues not presented by the final order.[22] We cannot address on appeal issues that do not bear on the correctness of the final order upon which our appellate jurisdiction is based.[23] A litigant cannot gain interlocutory review of an issue that does not affect a substantial right by surreptitiously joining it to a motion that

---

[18] *Id.*

[19] See *State v. Gibbs, supra* note 14.

[20] *Id.*

[21] See, e.g., *State v. Dean*, 270 Neb. 972, 708 N.W.2d 640 (2006).

[22] See *id.*

[23] See *id.*

otherwise results in a final order.[24] A determination of the statute of limitations has no bearing on the correctness of a speedy trial determination.

The November 15, 2016, order upon which our appellate jurisdiction is based did not dispose of the statute of limitations issue, and even if it had, the portion of the order addressing the statute of limitations would not be final for purposes of this interlocutory appeal. Accordingly, we do not have jurisdiction to consider Gill's assignment of error pertaining to his motion to quash.

### STATUTORY RIGHT TO
### SPEEDY TRIAL

We turn first to Gill's statutory right to a speedy trial. The trial court's primary reason for rejecting Gill's motion for discharge based on his statutory right to a speedy trial was that pursuant to § 29-1207(4)(b), Gill had permanently waived his statutory right to a speedy trial by asking for a continuance that resulted in extending a trial date beyond the statutory 6-month period. Although the order does not specify, it is clear from the record it refers to Gill's June 20, 2016, motion.

Section 29-1207(4) generally sets forth the periods to be excluded in computing the time for trial. Section 29-1207(4)(b) concerns continuances granted at the request or with the consent of the defendant. That subsection has long provided that the period of delay resulting from a continuance granted at the request of the defendant is excluded in computing the time for trial.

But before 2010, the delay caused by a continuance was never a permanent waiver of the right to a speedy trial. Rather, the delay caused by the continuance granted for the defendant was simply excluded from the 6-month period and counted against the defendant.[25]

---

[24] *State v. Loyd, supra* note 6.

[25] See *State v. Wells*, 277 Neb. 476, 763 N.W.2d 380 (2009).

In 2010, the Legislature added the following language to § 29-1207(4)(b) (Cum. Supp. 2010):

A defendant who has sought and obtained a continuance which is indefinite has an affirmative duty to end the continuance by giving notice of request for trial or the court can end the continuance by setting a trial date. When the court ends an indefinite continuance by setting a trial date, the excludable period resulting from the indefinite continuance ends on the date for which trial commences. A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period.

This language, particularly the language pertaining to continuances that extend the trial date beyond the statutory 6-month period, was added in direct response to concerns about the statutory scheme expressed by the concurring opinion in *State v. Williams*.[26]

In *Williams*, we affirmed the denial of absolute discharge after a complicated analysis of motions by the State and the defendant that delayed trial for nearly 4 years.[27] Defense motions, many of them motions for continuances, resulted in 1,242 days of excludable time. The concurring opinion pointed out the flaw of a statutory scheme that allows for multiple lengthy delays by the defense, which can be strategically made in the hopes that the State will lose sight of the speedy trial calculations.[28]

---

[26] *State v. Williams, supra* note 15 (Wright, J., concurring; Heavican, C.J., and Connolly, J., join). See, also, *State v. Mortensen, supra* note 9; Judiciary Committee Hearing, L.B. 1046, 101st Leg., 2d Sess. 15-16 (Feb. 19, 2010).

[27] See *State v. Williams, supra* note 15.

[28] *Id.* (Wright, J. concurring; Heavican, C.J., and Connolly, J., join).

If the State lost sight of the speedy trial clock, then the defendant was entitled under the statutory scheme to absolute discharge based on a simple mathematical computation and no showing of actual prejudice. The concurring opinion explained, "Similar to the crocodile that followed 'Captain Hook,' time keeps following the State, and the accused hopes the State will slip and fall victim to the 6-month trial clock."[29]

The concurring opinion in *Williams* suggested that this abuse could be prevented through an amendment to the speedy trial statutes providing that once a defendant extends the trial date beyond the required 6 months, he or she shall be deemed to have waived the statutory 6-month trial requirement.[30] The concurrence explained that in such circumstances, the defendant would still be protected by the constitutional right to a speedy trial, with its four-part balancing test that includes a determination of whether the defendant was actually prejudiced.[31]

Thus, § 29-1207(4)(b) (Reissue 2016) now states that "[a] defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period." We explained the meaning of this amended language in *Mortensen*.[32] We said that it provides for a "permanent waiver of the statutory right to a speedy trial."[33] "[R]eading § 29-1207(4)(b) as a whole, if a defendant requests a continuance that moves a trial date which has been set within the

---

[29] *Id.* at 148, 761 N.W.2d at 527 (Wright, J., concurring; Heavican, C.J., and Connolly, J., join).

[30] See *State v. Williams, supra* note 15 (Wright, J. concurring; Heavican, C.J., and Connolly, J., join).

[31] See, *id.*; *United States v. MacDonald*, 435 U.S. 850, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978).

[32] *State v. Mortensen, supra* note 9.

[33] *Id.* at 165, 841 N.W.2d at 400.

statutory 6-month period to a date that is outside the 6-month period," that request "constitutes a permanent waiver of the statutory speedy trial right."[34] We further said that the "broad language" of § 29-1207(4)(b) "does not specify the reasons for which a continuance must be granted in order to result in a waiver of the statutory right to a speedy trial."[35]

We reasoned, "There is no language in the statute that indicates an intent to limit the scope of the waiver provided therein, and 'an appellate court will not "read into a statute a meaning that is not there."'"[36] We approved of such a broad and permanent waiver as a means of curtailing the abuse by defense motions for continuance criticized in *Williams*.[37] In this regard, we noted that the speedy trial statutes do not protect the interests of just the defendant. They also protect the government and the public's interest in bringing the accused to trial at an early date. "A primary purpose of the statutes is to promote a speedy trial, not to delay it."[38]

Much of our opinion in *Mortensen* addressed our conclusion that defense motions to discharge, which must be addressed by the trial court and necessitate an adjournment while being resolved by an interlocutory appeal, are requests for continuances even though not denominated as such.[39] Applying this holding to the facts in *Mortensen*, we found that the defendant's motion to discharge resulted in continuing the trial beyond the statutory 6-month period. Thus, the defendant had permanently waived his statutory right to a speedy trial and the exact calculation of days remaining on the speedy trial clock was no longer required.

---

[34] *Id*.

[35] *Id.* at 167, 841 N.W.2d at 401.

[36] *Id.* at 165, 841 N.W.2d at 400.

[37] See *State v. Williams, supra* note 15 (Wright, J., concurring; Heavican, C.J., and Connolly, J., join).

[38] *State v. Mortensen, supra* note 9, 287 Neb. at 169, 841 N.W.2d at 402.

[39] See *State v. Mortensen, supra* note 9.

In *State v. Vela-Montes*,[40] we were again confronted with the waiver language of § 29-1207(4)(b) in the context of a delay due to a motion for absolute discharge resulting in a trial date outside of the 6-month period. The motion for discharge, which under *Mortensen* was considered a motion to continue, was filed when there were only 17 days remaining on the speedy trial clock, as calculated up to that point with excludable periods under § 29-1207. We found that as of the time of our opinion, the continuance was still in effect pending resolution of the appeal and had moved the trial well beyond the 17 days remaining when the defendant filed the motion. Because the motion to continue resulted in extending the trial beyond the statutory 6-month period, as calculated on the date the motion was filed, the defendant had waived the statutory speedy trial right and no further examination of days on the speedy trial clock was required.

Gill argues that the trial court erred in concluding that he had permanently waived his statutory right to a speedy trial because his request for a continuance was for a definite period rather than indefinite. Further, Gill asserts that the trial court's ruling has the absurd result that "any affirmative action or filing by a criminal defendant would constitute a permanent waiver."[41] We find no merit to these arguments.

Gill filed a motion to continue, not just any motion. The period of delay resulting from other proceedings such as hearings on competency, motions to quash, motions to suppress evidence, motions for change of venue, demurrers or pleas in abatement is described in § 29-1207(4)(a), not § 29-1207(4)(b). There is no language in § 29-1207(4)(a) regarding a permanent waiver of the right to a speedy trial.

Furthermore, permanent waiver occurs only when the 6-month period, as calculated up to that date with excludable periods, has been exceeded by virtue of the motion. The

---

[40] *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014).

[41] Brief for appellant at 14.

court's ruling that Gill waived his right to a speedy trial in no way implies that any filing by a defendant would permanently waive the statutory right to a speedy trial.

There is nothing in the language of § 29-1207(4)(b) that would suggest that only indefinite continuances extending the trial date beyond the statutory 6-month period permanently waive the statutory right to a speedy trial. While § 29-1207(4)(b) was amended to add language pertaining to indefinite continuances at the same time that it was amended to add the language pertaining to permanent waiver, the two sentences are not directly related.

By its plain language, the sentence pertaining to indefinite continuances clarifies when the excludable period resulting from the indefinite continuance ends. In contrast, the permanent waiver set forth in the last sentence of § 29-1207(4)(b) does not concern excludable periods except to the extent they are implicitly part of the 6-month trial date calculated at the time of a motion to continue.[42] The waiver sentence at issue in this case refers to "a continuance granted at the request of the defendant or his or her counsel."[43] There is no modifier limiting the waiver to indefinite continuances as opposed to definite continuances. As we have said many times, we will not read into a statute a meaning that is not there.[44]

Likewise, our opinions in *Williams*, *Mortensen*, and *Vela-Montes* do not suggest that only indefinite continuances extending the trial date beyond the statutory 6-month period permanently waive the statutory right to a speedy trial.[45] We can find no logical reason why indefinite continuances would be treated differently from definite continuances for this purpose. The defendant waives the statutory 6-month

---

[42] See *State v. Vela-Montes, supra* note 40.

[43] § 29-1207(4)(b).

[44] See, e.g., *State v. Mortensen, supra* note 9.

[45] See, *State v. Vela-Montes, supra* note 40; *State v. Mortensen, supra* note 9; *State v. Williams, supra* note 15.

period when he or she requests a continuance that extends the trial date beyond the statutory 6-month period. Once the defendant does that, the statutory clock is gone. This permanent waiver is designed to prevent the abuse illustrated in *Williams*, where the State remained bound to vigilance of the strictly mathematical speedy trial clock during years of repeated motions by the defendant to continue. That kind of abuse occurred no less through definite than through indefinite continuances.

[7] We held in *Mortensen* that the reason for the continuance is irrelevant to whether the defendant has waived the statutory right to a speedy trial under the amended language of § 29-1207(4)(b). We now hold that the definite or indefinite nature of a requested continuance is irrelevant to the applicability of the waiver set forth in the amended language of § 29-1207(4)(b).

When Gill moved to continue trial on June 20, 2016, the 6-month speedy trial clock was set to have run on July 27. To calculate the 6-month clock, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4).[46] Excludable periods attributable to a motion begin on the day immediately after the filing and end on the date of final disposition.[47] Absent any excludable periods, the 6-month clock would have run on May 9, 2016. Seventy-nine excludable days attributable to Gill's motion to quash on November 16, 2015, are added to this date.

Gill agreed pursuant to his motion that trial would be rescheduled to September 14, 2016, 49 days beyond the statutory 6-month period ending July 27, as calculated on the date Gill filed the motion to continue. Thus, Gill permanently waived his statutory right to a speedy trial.

---

[46] See *State v. Williams, supra* note 15.

[47] *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002); *State v. Long*, 206 Neb. 446, 293 N.W.2d 391 (1980).

We find no error in the trial court's factual calculation that Gill requested a continuance that extended the trial date beyond the statutory 6-month period. And we agree with the trial court's legal conclusion that under § 29-1207(4)(b), Gill thereby permanently waived his statutory right to a speedy trial.

### Constitutional Right to Speedy Trial

We consider Gill's constitutional right to a speedy trial. As we said in *Williams*, a defendant who has permanently waived his or her statutory right to a speedy trial is still protected by the constitutional right to a speedy trial.[48] However, we find no merit to Gill's constitutional speedy trial claim.

### CONCLUSION

For the foregoing reasons, we affirm the order of the trial court denying Gill's motion for absolute discharge.

AFFIRMED.

---

[48] See *State v. Williams, supra* note 15.